Smith, P. J.
The referee reported, in favor of plaintiff, §180 for commissions on purchases of barley made by him for the defendant; eighty-four dollars for discounts, paid by him at defendant’s request, on notes given to pay for such purchases; and §546, balance found due on account of barley sold and delivered by plaintiff to defendant, with interest on such items, respectively.
As to the items for commissions and discounts paid, there seems to be no question on this appeal, and they were undisputed, apparently, at the trial.
The referee reached the bidance due on account of barley sold, by finding that the quantity sold was 5,146 bushels at the price of one dollar a bushel, and that the defendant paid thereon $4,600.
The appellant’s counsel contends that the referee erred in not allowing the entire amount of payments established by the evidence, and we are inclined to think that the contention is well founded.
The sale of the barley was made on or about the 7th of November, 1878, as the referee found. The plaintiff admitted, in his testimony, the receipt of §4,800, avails of two notes made by defendant, to apply on the barley sold. Those items were charged in defendant’s account, as of November eleventh and twenty-first, respectively, which account was put in evidence at the trial. After the close of the evidence the referee, at the request of the defendant’s counsel, found that the defendant gave the plaintiff two notes, one for $3,000 and one for §1,800, to apply on the purchase of barley from plaintiff, and that they were paid. He also found that the plaintiff did not, on the trial, dispute certain items of the defendant’s account, including the amount of said two notes and also an item of ten dollars, for cash paid November twenty-first. The amount of payments established by uncontradicted evidence, ax>plicable to the barley sold, appears to be §4,810, instead of §4,600 allowed by the referee in his report. Making that allowance, the balance for barley sold is §336, instead of §546, stated m the report.
The referee seems to have allowed the plaintiff nothing on account of the claim in the first count of his complaint, respecting the note of $2,000 therein *880 mentioned, nor an account of the sale of the barley to Mr. McLeish, and as the plaintiff does not appeal, those items cannot now be taken into the account.
We find no other error in the case. The result is that the judgment should he reversed and a new trial ordered before another referee, costs to abide event, unless the plaintiff stipulates within twenty days, to deduct from the judgment the sum of $210, with interest thereon, from the 1st day of March, 1879, and in that case the judgment so reduced and modified is affirmed without costs of this appeal to either party.
Haight and Bradley, JJ,, concur; Barker, J., not voting.
So ordered.